IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BEATRICE HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06cv632 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| JUDGE JOHN D. HARTIGAN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Beatrice Hudson, and on filing no. 2, the plaintiff's Motion to Proceed In Forma Pauperis ("IFP").  The plaintiff is suing a state district court judge who has been presiding over domestic relations disputes between the plaintiff and her former spouse concerning their son.  The plaintiff seeks damages and injunctive relief against the judge for his conduct of a child custody matter.

By moving for leave to proceed IFP, the plaintiff subjects her complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Judges have absolute immunity from suits for damages arising from acts, whether or not erroneous, in their judicial capacity, as long as such actions were not taken in the

1

complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Id. "'As a class judges have long enjoyed a comparatively sweeping form of immunity, though one not perfectly well-defined.'... Termed absolute or judicial immunity, the doctrine shields members of the judiciary from liability in certain instances." Doyle v. Camelot Care Centers, Inc., 305 F.3d 603, 622 n. 13 (7th Cir. 2002) (citation omitted). In this case, the defendant was not acting in the complete absence of all jurisdiction, and he has judicial immunity from the plaintiff's claim for damages.

Although the United States Supreme Court held in 1984 that prospective injunctive relief could be granted against a judicial officer acting in his or her judicial capacity, see Pulliam v. Allen, 466 U.S. 522, 541-42 (1984), Congress amended 42 U.S.C. § 1983, in 1996, by enacting the Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847 (1996). Section 309(c) of that Act bars injunctive relief in any § 1983 action, with limited exceptions, "against a judicial officer." As amended, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, **except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable**. For purposes of this section, any Act

of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(Emphasis added.) In this case, injunctive relief is foreclosed.

In addition, a federal district court is not an appellate court. This court does not have authority to review or alter a final judgment by a state court in judicial proceedings. The plaintiff's claims constitute an indirect attempt to attack or undermine the state-court judgments. However, appellate jurisdiction over state-court decisions, even when the challenge to the state court's actions involves federal constitutional issues, lies exclusively in the United States Supreme Court. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." Feldman, 460 U.S. at 486.

THEREFORE, IT IS ORDERED:

1. That filing no. 2, the plaintiff's Motion to Proceed IFP, is denied;

2. That pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), the plaintiff's complaint and this action are dismissed without prejudice; and judgment will be entered accordingly.

DATED this 3rd day of October, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge